UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LONG NGOC TU,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STEFANY MILEY, et al.,<br><br>　　　　Defendant. | Case No. 2:20-cv-00292-RFB-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>**Re: ECF No 1-1** |

Presently before the Court is Plaintiff Long Ngoc Tu's *pro se* Civil Right Complaint (ECF No. 1-1, the "Complaint") filed on February 10, 2020. Plaintiff paid the $400 filing fee on March 2, 2020. For the reasons stated below, the Court recommends Plaintiff's Complaint be dismissed in its entirety.

**I.     CASE BACKGROUND**.

Plaintiff filed his Complaint on February 10, 2020. Since filing, Plaintiff has neither sought issuance of any summonses nor served any named defendant. *See* Docket generally. Plaintiff has, however, filed numerous documents with the Court including, but not limited to, documents titled "Consideration for Release on Recognizance," "Memorandum," "Motion for Appointment of Counsel," "Jury Trial Demanded, Addendum More Defendants, and Order to Protect Plaintiff," two "Letters from Family," and "Addendum." ECF Nos. 8, 10, 11, 12, 14, 15, and 16.

The substance of Plaintiff's Complaint, ECF No. 1-1, identifies State Court District Judge Stefany Miley, Assistant District Attorney ("ADA") Brandon Albright, and private defense attorneys Eric Ferran and Gray Modafferi as defendants in their individual and official capacities. ECF No. 1-1 at 2. Plaintiff also alleges certain Doe Defendants engaged in wrongdoing by arresting him based on false evidence. *Id*. at 6.

In Count I of Plaintiff's Complaint he alleged Fifth Amendment violations (including due process and double jeopardy violations) because, while on pretrial release, he was required to surrender his passport, stay in Las Vegas, and wear an ankle bracelet. *Id*. at 4. Plaintiff also claims

1

that unidentified police officers lied to the state court during proceedings, and that his privately retained counsel, Eric Ferran, failed to provide adequate representation. *Id.*

Count II of Plaintiff's Complaint asserts Eighth Amendment violations and ineffective assistance of counsel. *Id.* at 5. In support of these claims, Plaintiff states that "house arrest" called him to come to its office to have his ankle bracelet cut off, but instead arrested him when he arrived. *Id.* Plaintiff complains this was a "trick" and states he was disadvantaged because of his non-U.S. national origin. *Id.* Plaintiff states that Mr. Ferran told Plaintiff that Plaintiff was lied to because he refused a "deal" offered by the District Attorney. *Id.* Plaintiff says the D.A. tried to punish him by reopening his case, and that he was held without bail. *Id.*

In Count III of Plaintiff's Complaint, Plaintiff asserts Fourteenth Amendment violations, fabrication of evidence, and due process violations by Judge Miley. *Id.* at 6. Facts alleged in support of these claims include that the D.A. supposedly made misleading statements to the Court, and that Plaintiff was "rearrested" in November 2018 when officers came to his home, accused him of using drugs based on fabricated evidence, and acted with racial malice and discriminatory intent because of his sexual orientation. *Id.* Plaintiff further alleges that "the DA repeatedly stated I tried to have sex[,] … Judge Miley refused to drug test" him, Judge Miley subpoenaed the officers who arrested him in November, and Judge Miley refused all requests made by Plaintiff's lawyer. *Id.* Plaintiff also alleges that Judge Miley denied him bail, "denied to provide evidence," and refused to hear the facts. *Id.* The Assistant District Attorney is alleged to have misrepresented facts by arguing Plaintiff was a flight risk. *Id.*

**II.   DISCUSSION**.

    A.   <u>Plaintiff's Complaint Should Be Dismissed Because He Failed To Timely Serve Defendants</u>.

Federal Rule of Civil Procedure 4(m) requires service of a complaint within 90 days of its filing. Here, 90 days following Plaintiff's February 10, 2020 Complaint filing was May 10, 2020. However, a review of the docket shows that no summonses have issued, no defendant has been

served, and no request to extend the time to serve has been made.[1] Although the Court has the authority to unilaterally grant Plaintiff additional time to serve Defendants, the Court recommends against doing so in this case because a review of Plaintiff's Complaint reveals it fails as a matter of law.

      B.    <u>Plaintiff's Complaint Fails As A Matter Of Law</u>.

           *1.    Plaintiff's § 1983 Ineffective Assistance of Counsel Claim Must be Brought Through a Habeas Petition.*

The Court construes Plaintiff's allegations against his privately retained attorneys Mr. Ferran and Gary Modafferi[2] as ones attempting to state an ineffective assistance of counsel claim. As summarized above, Plaintiff generally avers that Mr. Ferran lied to him and failed to perform as counsel. ECF No. 1-1 at 4 and 5. However, Plaintiff's ineffective assistance of counsel claim must be brought in a habeas corpus petition under 28 U.S.C. § 2241 as Plaintiff remains in state custody, but has neither been tried nor sentenced. *See* Eighth Judicial District Court Register of Actions in Case No. C-18-335630-1 (the "State Case"); *Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004) (identifying that Section 2241 is the proper habeas statute for alleged constitutional violation pre-final-judgment in a state court criminal proceeding); *Trimble v. City of Santa Rosa,* 49 F.3d 583, 585 (9th Cir.1995) (per curiam) (concluding that Sixth Amendment claim of ineffective assistance of counsel brought under Section 1983 is precluded under *Heck v. Humphrey,* 512 U.S. 477 (1994)). Moreover, Plaintiff's ineffective assistance claim would be premature even if properly brought in a habeas petition. Federal courts are unanimous that § 2241 may not be used to litigate ineffective assistance of counsel [claims] prior to sentencing." *United States v. Snegirev*, No. A05-0024 CR JKS, 2005 WL 2122096, at *3 (D. Alaska Aug. 29, 2005); *United States v. Pirro*, 104 F.3d 297, 298 (9th Cir. 1997) (affirming the dismissal of a Section 2241 petition filed before sentencing and based on ineffective assistance of counsel because "the petition was premature"); *Dunn v. Christensen*,

---

[1] The Court notes that in Plaintiff's "Addendum" (ECF No. 16), he identifies two LVMPD Officers who arrested him in November 2018. These officers are *Skerston and Coyne*. *Id.* The Court liberally construes this Addendum as an effort to substitute these officers for previously identified "Doe" defendants. *Compare* ECF No. 1-1 and ECF No. 16.

[2] It is worth noting that Plaintiff's Complaint includes no assertion of facts with respect to supposed wrongdoing by Mr. Modafferi. ECF No. 1-1.

3

Case No. 2:15-cv-01812-JMC-PAL; 2018 WL 615671 at *8 (D. Nev. Jan. 29, 2018) (holding that an action for ineffective assistance of counsel does not accrue until the underlying proceeding or criminal case is resolved).

With respect to his instant complaint, Plaintiff has filed a Section 1983 action, not a habeas petition, before resolution of his state criminal case. For this reason, his claims against Mr. Ferran and Mr. Modaferri fail and should be dismissed with prejudice.[3]

### 2. *Application of the Younger Doctrine Precludes the Remainder of Plaintiff's Claims.*

Plaintiff not only challenges the propriety of the charges alleged in the case that remains pending in state court, but also alleges that Judge Miley's decisions to deny bail, deny other unidentified requests made by his counsel, and remand him to state custody are violations of his Fifth, Eighth, and Fourteenth Amendment rights. ECF No. 1-1 at 4-6. However, the *Younger* abstention doctrine precludes federal courts from enjoining pending state court criminal proceedings even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). Criminal defendants alleging that a state court rejected constitutional objections to pretrial rulings, including those implicating federally-protected rights, is a regular occurrence and not an extraordinary circumstance warranting federal court involvement in a state court prosecution. *Sult v. Paramo*, No. 15-cv-1016 H (JLB), 2016 WL 166363, at *9 (S.D. Cal. Jan. 26, 2016). In fact, irreparable injury does not exist if the threat to a petitioner's federally protected rights may be eliminated through his or her defense of the criminal case. *Younger*, 401 U.S. at 46; *see also Sprint*

---

[3] Plaintiff must bring a habeas petition on the appropriate petition forms, which are important as the information requested on the forms provides the Court with necessary information to conduct a preliminary review. United States District Court for the District of Nevada Local Rule LSR 3-1. Moreover, even assuming that Plaintiff refiled his ineffective assistance claim on the proper form, Plaintiff must demonstrate that he fully exhausted his state court remedies before bringing his claim to federal court. *Arevalo v. Hennessy*, 882 F.3d 763, 764-67 (9th Cir. 2018) (holding that a criminal defendant seeking habeas relief to restrain ongoing state criminal proceedings must first fully exhaust his state court remedies); *Rose v. Palmateer*, 395 F.3d 1108, 1110 (9th Cir. 2005) (holding that a plaintiff must first fairly present his habeas claim at every level of state court before bringing a federal habeas claim). Plaintiff attaches exhibits to his Complaint including a Nevada Supreme Court's order dismissing his Petition for Writ of Certiorari (ECF No. 1-1 at 13) and the Nevada Court of Appeals' order dismissing his Petition for Writ of Mandamus (ECF No. 1-1 at 15). These filings fail to evidence that Plaintiff exhausted his state court habeas remedies.

4

*Commc'ns*, *Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (holding that "federal-court abstention is required" when there is "a parallel, pending state criminal proceeding").

Here, Plaintiff's state prosecution is ongoing (*see* Register of Actions in the State Case) and a review of his allegations demonstrate no extraordinary circumstances. Plaintiff's potential loss of constitutional rights is similar to situations many state criminal defendants face or believe they face in criminal prosecutions. Thus, based on the facts before the Court, there is no basis upon which to conclude Plaintiff is suffering extraordinary circumstances that may cause irreparable injury and, for this reason, the Court recommends Plaintiff's Complaint be dismissed with prejudice.

> 3.  *Even if not barred by the Younger Doctrine, Plaintiff fails to state Section 1983 claims against Judge Miley, ADA Albright, Messrs. Ferran and Modafferi, and Officers Skerston and Coyne.*

### a.   **Plaintiff's claims against Judge Miley**.

Ninth Circuit law clearly states that "[j]udges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood,* 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). Judicial officers are also immune to claims of injunctive relief unless a declaratory decree was violated or declaratory relief was unavailable. *Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018). Here, Plaintiff asserts that Judge Miley violated his Fourteenth Amendment right to due process by revoking his bail, rejecting his lawyer's requests, and refusing to hear facts relating to Plaintiff's case. ECF No. 1-1 at 6. Because Plaintiff's allegations against Judge Miley pertain solely to acts taken within the confines of her judicial duties, Plaintiff's allegations against Judge Miley fail to state a Section 1983 claim as a matter of law.

### b.   **ADA Albright is immune.**

Plaintiff alleges that ADA Albright violated his Fifth and Eighth Amendment rights. ECF No. 1-1 at 4-5. Plaintiff seems to suggest that by seeking his arrest for violating the terms of his pretrial release, ADA Albright somehow acted unconstitutionally (in violation of the double

jeopardy clause of the Constitution[4]), and that ADA Albright reopened Plaintiff's case as punishment for refusing a deal, which was cruel and unusual punishment. *Id*. at 5.

Prosecutors are immune under 42 U.S.C. § 1983 when "initiating a prosecution and in presenting the State's case." *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). Prosecutors are also "entitled to absolute prosecutorial immunity for acts taken in their official capacity." *Bailey v. Clark Cnty. Dist. Attorney's Office*, Case No. 2:10-cv-01012-JCM-RJJ, 2010 WL 3724250, *2 (D. Nev. Sept. 16, 2010) (collecting cases). In fact, "[t]he intent of the prosecutor when performing prosecutorial acts plays no role in the immunity inquiry." *McCarthy v. Mayo*, 827 F.2d 1310, 1315 (9th Cir. 1987) (internal citation omitted). Absolute prosecutorial "immunity covers the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution."[5] *Milstein*, 257 F.3d at 1008.

Here, all of Plaintiff's allegations that may comprise his Section 1983 claims against ADA Albright either did not violate the Constitution (no violation of double jeopardy when Plaintiff was arrested for violation of his pretrial release terms) or were acts that occurred in the courtroom as an advocate for the State. As such, Plaintiff's claims against ADA Albright fail as a matter of law.

      **c.**   **Plaintiff's Claims against Messrs. Ferran and Modafferi fail because they were privately retained counsel**.

Plaintiff alleges that Mr. Ferran and Mr. Modafferi provided ineffective assistance of counsel in violation of his constitutional rights. ECF No. 1-1 at 4-5. However, to state a claim under 42 U.S.C. § 1983, Plaintiff must allege that a person acting under color of state law deprived him of a federal right. *West v. Atkins*, 487 U.S. 42, 48 (1988). Private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). Criminal defense attorneys are considered private parties. *Polk County v. Dodson,* 454 U.S. 312, 317–18 (1981). Because at all

---

[4] "The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161 (1977) (citation omitted); *United States v. Soto–Olivas,* 44 F.3d 788, 791 (9th Cir.1995). "Punishment imposed upon revocation of supervised release is punishment for the original crime, not punishment for the conduct leading to revocation"; *United states v. Grisanti*, 4 F.3d 173, 175 (2nd Cir. 1993).

[5] *See also Burns v. Reed*, 500 U.S. 478, 489-90 (1991) (finding that a prosecutor's initiation of a prosecution and in-court questioning of witnesses fall within a prosecutor's official capacity); *Law v. Johnson*, No. 11-cv-06163-LHK, 2012 WL 2906570, at *3 (N.D. Cal. July 13, 2012) (holding that a prosecutor's allegations during oral argument constitutes official acts).

times described by Plaintiff, Messrs. Ferran and Modafferi were acting as Plaintiff's private criminal defense lawyers, his Section 1983 claims against these Defendants will fail.

### d. Claims against Officers Skerston and Mr. Coyne.

As stated *supra* in n.1, the Court treats Plaintiff's Addendum (ECF No. 16) as seeking to substitute LVMPD Officers Skerston and Coyne for previously identified Doe defendants. As such, the Court reasonably infers Plaintiff's allegations to allege that, while on pretrial release, he was arrested by these officers in violation of his Fourth and Fourteenth Amendments rights. ECF No. 1-1 at 4 and 6.

Plaintiff's Fourth Amendment rights include the right to be free from the "failure to investigate exculpatory evidence and fabrication of evidence." *Sialoi v. City of San Diego*, 823 F.3d 1223, 1232 (9th Cir. 2016). According to one federal court, there are some circumstances when an arrestee may state a Fourth Amendment claim "for his (post-legal-process) pretrial detention where … [the] required probable-cause determination rested entirely on police officers' false statements." *Hendricks v. Lauber*, Case No. 16 C 627, 2017 WL 4899301, at *2 (N.D. Ill. Oct. 24, 2017) *citing Manuel v. City of Joliet, Ill*. 580 U.S. __, 137 S.Ct. 911, 918 (2017). Here, Plaintiff accuses Officers Skerston and Coyne of arresting him in November 2018 for allegedly attempting to get high outside his home despite finding no drugs or other "noncompliant material" in his possession. ECF No. 10-1 at 6. However, Plaintiff, represented by counsel, raised the issue that his pretrial detention was based on allegedly fabricated evidence in his state court proceedings.

A review of the Register of Actions in Plaintiff's State Case shows that on November 20, 2018, Plaintiff's then-counsel filed a "Motion Re: Alleged House Arrest Violation and/or for Reinstatement." That Motion was argued by counsel for the instant Plaintiff and denied by the Court on December 3, 2018. *See* Registry of Actions. Soon after this hearing, the Grand Jury issued a superseding indictment and Plaintiff was subsequently arraigned. *Id*. Then, on August 7, 2019, after obtaining a substitution of counsel, Plaintiff filed a second Motion to Reinstate Defendant to House Arrest, which was denied on August 19, 2019. *Id*. The Court Minutes on this occasion indicate that Defendant "previously tampered with House Arrest bracelet." *Id*. The Minutes further indicate that the Assistant District Attorney argued at this hearing that Plaintiff was an "extreme flight risk as his

7

1  co-defendant fled to Vietnam." *Id*. Further, there is an entry stating that the Court had a "Declaration
2  of Arrest" before it when making its decisions. *Id*.

3  Given these facts, there is nothing alleged by Plaintiff to suggest he did not have a full and
4  fair opportunity to litigate the issues of his pretrial release violation and subsequent arrest through
5  his state court proceedings. In fact, the evidence is to the contrary. Thus, at this juncture, Plaintiff's
6  attempt to relitigate the issue of his violation of pretrial release through his Section 1983 action must
7  fail. *Cf. DeFranco v. Town of Irondequoit*, No. 06-CV-6442L, 2009 WL 2957813, at *4 (W.D.N.Y.
8  Sept. 11, 2009) ("[s]ettled authority establishes that where, as here, a state court has determined that
9  the challenged search warrant or warrantless seizure was supported by probable cause, the defendant
10 may not relitigate that determination in a federal Section 1983 action"); *Felix v. N.Y. State Dep't of
11 Corr. & Cmty. Supervision*, No. 16-CV-7978 (CS), 2018 WL 3542859, at *7 (S.D.N.Y. July 23,
12 2018) ("[c]ourts have accorded preclusive effect to probable cause determinations made at
13 preliminary revocation hearings").

14 With respect to Plaintiff's Fourteenth Amendment Equal Protection violation allegation, he
15 states that his arrest was motivated by racial and anti-LGBTQ prejudice. ECF No. 1-1 at 6. "In
16 order to prove discrimination in violation of § 1983, a defendant must have acted with the intent to
17 discriminate." *Monetti v. City of Seattle*, 875 F. Supp. 2d 1221, 1229 (W.D. Wash. 2012) *citing*
18 *Peters v. Lieuallen*, 746 F.2d 1390, 1393 (9th Cir.1984). To state this claim Plaintiff must "come
19 forward with objective evidence to suggest that the intrusion was not made for the purpose of
20 enforcing the administrative inspection scheme," and "the Court must determine whether the
21 challenged search or seizure 'would… have occurred in the absence of an impermissible reason.'"
22 *United States v. Orozco*, 858 F.3d 1204, 1212-13 (9th Cir. 2017); *Cf. Monetti*, 875 F. Supp. 2d at
23 1230 (finding discriminatory intent where a police officer, during an investigatory stop, said "I'll
24 beat the… Mexican piss out of you"). Here, Plaintiff fails to include any factual allegations that
25 would support an impermissible reason for his arrest. ECF No. 10-1 at 6. Instead, he offers
26 conclusory allegations that such prejudice existed ("I feel like I was being unfair treatment [sic]
27 leaning toward racial disparities and the fact [of] my sexual orientation"). ECF No. 10-1 at 6. This
28 statement is simply not enough to establish a facially valid Fourteenth Amendment claim. *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Because Plaintiff alleges insufficient facts to establish a Fourteenth Amendment Equal Protection violation, this claim fails as a matter of law.

### III. RECOMMENDATIONS

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint be dismissed **with prejudice** because not only did he fail to timely serve any defendant named in his action, but his Complaint also fails to state a claim upon which relief may be granted. Specifically:

- The *Younger* doctrine bars Plaintiff's claims as his prosecution in the Eighth Judicial District Court for Clark County, Nevada, remains pending.
- Judge Stefany Miley and Assistant District Attorney Brandon Albright are immune from suit under 42 U.S.C. § 1983.
- Privately retained counsel Eric Ferran and Gary Modafferi cannot be sued for ineffective assistance of counsel under Section 1983 because they did not act under color of state law and a habeas claim for ineffective assistance is premature.
- Plaintiff's Fourth Amendment claim against Officers Skerston and Coyne, based on Plaintiff's arrest while on pretrial release, cannot be raised as a Section 1983 claim because Plaintiff had a full and fair opportunity to litigate the issue of his pretrial release violation and subsequent arrest through his state court proceedings.

IT IS FURTHER RECOMMENDED that all of Plaintiff's pending motions (ECF Nos. 8, 11, and 12) be dismissed as moot.

IT IS FURTHER RECOMMENDED that Plaintiff's Fourteenth Amendment claim against Officers Skerston and Coyne be dismissed **without prejudice**. Plaintiff fails to allege any facts in support of his claim that these officers acted with an impermissible motive at the time he was arrested for violating conditions of his pretrial release; however, it is not inconceivable that Plaintiff could assert facts that would support this claim. The Court notes that if the above recommendation is

accepted, and Plaintiff chooses to file an amended complaint with respect to his alleged Fourteenth Amendment violation, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement of the grounds for the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Additionally, the amended complaint must contain a short and plain statement describing the underlying case and Defendant's conduct that constitutes discrimination. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give the Defendants fair notice of the Plaintiff's claims against them and Plaintiff's entitlement to relief. Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

DATED: June 23, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues in the District Court's Order. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).